IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| JOHN DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 7:10-CV-147-O |
| | § | |
| RICHARD W. CARTER *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are: Defendants' Motion to Dismiss Brad Livingston for Mootness, filed July 21, 2011 [doc. 46]; Plaintiff's Motion to Strike Defendant Brad Livingston's Motion to Dismiss, filed July 22, 2011 [doc. 48]; and Defendant Brad Livingston's Motion for Leave to File Motion to Dismiss for Mootness Out of Time, filed July 25, 2011 [doc. 49]. Having considered the motions, responses, replies, record and applicable law, the Court: **grants** Defendants' Motion to Dismiss Brad Livingston for Mootness [doc. 46]; **denies** Plaintiff's Motion to Strike Defendant Brad Livingston's Motion to Dismiss [doc. 48]; and **grants** Defendant Brad Livingston's Motion for Leave to File Motion to Dismiss for Mootness Out of Time [doc. 49].

**I.   Background**

Plaintiff, currently incarcerated at the McConnell Unit of the Texas Department of Criminal Justice–Correction Institutional Division ("TDCJ") in Beeville, Texas, originally filed this civil rights action in the Southern District of Texas, Corpus Christi Division, alleging violations of the Eighth and Fourteenth Amendment arising from sexual assault by a prison guard at the Allred Unit, where he was originally incarcerated. [doc. 1, Compl.]. Pursuant to 28 U.S.C. § 1404(a), the district

court transferred the case to the Northern District of Texas, Wichita Falls Division, finding that Plaintiff's "complaint involves events which occurred while he was assigned to the Allred Unit in Iowa Park, Texas. In his complaint, plaintiff complains of sexual assault by a TDCJ guard at the Allred Unit, which is located in Wichita County, Texas." [doc. 4, Opinion and Order of Transfer at 1].

Plaintiff alleges that beginning in September 2008, while he was incarcerated at the Allred Unit, he was sexually assaulted on multiple occasions by Defendant Richard Carter ("Carter"), a TDCJ officer. [doc. 1, Compl. ¶¶ 9-22, 27-28]. Plaintiff further alleges he reported these incidences to Defendant Lisa James ("James"), the TDCJ Safe Prisons Coordinator, whom he alleges ignored his complaints and failed to take any action to prevent future assaults. [Compl. ¶¶ 23-26]. Plaintiff sues Carter and James pursuant to 42 U.S.C. § 1983, alleging violations of the Eighth and Fourteenth Amendments, and seeks compensatory and punitive damages against them. [Compl., Causes of Action, Sections A & B, ¶¶ 36-44].

Under a separate heading of the Complaint, Section C, Plaintiff specifies he is suing Defendant Brad Livingston, Executive Director of the TDCJ, pursuant to the "Fourteenth Amendment" for "Failure to Supervise." [Compl., Causes of Action, Section C]. Plaintiff alleges that Livingston is the "commanding officer of all TDCJ correctional officers, guards, and TDCJ employees and is responsible for their training, supervision, and conduct." [Compl. ¶ 46]. Plaintiff alleges that "Livingston has deliberately and indifferently failed to supervise, discipline and train Carter and James proximately causing them to violate Mr. Doe's Eighth and Fourteenth Amendment rights to be protected from harm." [Compl. ¶ 47]. According to Plaintiff's Complaint: "Livingston, unfortunately, has the distinction of running a prison system that leads the nation in sexual assaults,

most of which are committed by correctional officers." [Compl. 46]. Plaintiff alleges that "[i]nstead of addressing these deficiencies generally within the Texas prison system and specifically at Allred, Livingston ignored and continues to turn his back on the problems his agency and the Allred unit face." [Compl. ¶ 47]. Based on these allegations, Plaintiff sues Livingston in his official capacity for declaratory and injunctive relief only. [Compl. ¶¶ 48-49].[1]

Defendant Livingston has filed a motion to dismiss, arguing that Plaintiff's claims for declaratory and injunctive relief are barred by the doctrine of mootness since "Doe is no longer incarcerated at Allred [and] since officer Carter no longer works for TDCJ[.]" [doc. 46, Def. Mot. to Dismiss at 2]. In response, Plaintiff has filed a motion to strike Livington's motion to dismiss, arguing that Livingston's motion was filed after the deadline for dispositive motions set by the Court. Alternatively, responding to the merits of the motion to dismiss, Plaintiff contends that his transfer from the Allred Unit to the McConnell Unit does not moot his request for declaratory and injunctive relief since his "current TDCJ prison still carries significant risk of sexual assault to him. It has the third highest rate of sexual assault in Texas." [doc. 62, Pl. Resp. to Mot. to Dismiss at 5]. Plaintiff has submitted a declaration, stating that since his transfer from the Allred Unit, he has been "physically assaulted, retaliated against, and sexually abused again. TDCJ has done little to nothing to protect me or my safety." [doc. 62-1, Ex. A to Pl. Resp. to Mot. to Dismiss, Decl. of John Doe]. In further support of his argument that his claims against Livingston are not moot, Plaintiff contends that TDCJ "does not allege that Carter will never again seek employment or that TDCJ will never

---

[1]In addition to his allegations pertaining to Livingston's alleged failure to supervise, discipline and train, Plaintiff alleges that "Reports by the Bureau of Justice reports show that, of the 10 U.S. prisons with the highest rate of sexual abuse, five are in Texas. The Allred Unit, where Mr. Doe was sexually assaulted, is one of those five." [Compl. ¶ 35]. Plaintiff further alleges that "Allred has one of the highest rates of sexual victimization by guards on inmates. Defendant Livingston was at all times aware of and had access to these and similar reports." [Compl. ¶ 35].

rehire him. Likewise, TDCJ continues to employ Defendant James and fails to guarantee either that Mr. Doe will not be transferred back to Allred or that she will never work in his prison unit in the future." [*Id.* at 6]. Finally, Plaintiff argues that the Court should not dismiss his case as moot as a matter of public policy and in the interest of justice because the harm he alleges he sufferend is "capable of repetition yet evading review." [*Id.* at 7].

## II.   Analysis

To resolve Livingston's motion to dismiss for mootness, the Court must examine whether Plaintiff's claims against Defendant Livingston for declaratory and injunctive relief are justiciable (as Plaintiff argues), or whether the claims are rendered moot by Plaintiff's transfer from the Allred Unit following the alleged sexual assault, and by Carter's separation from employment with the TDCJ (as Defendant Livingston argues).

### A. "Case or Controversy Requirement"

The United States Constitution, Article III, section 2, clause 1, requires the existence of a case or controversy to support a federal court's jurisdiction. *Amar v. Whitley,* 100 F.3d 22, 23 (5th Cir. 1996). To satisfy the "case or controversy" requirement of Article III, a "plaintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-102 (1983) (internal quotation marks and citations omitted). "Past exposure to illegal conduct does not itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974).

The case or controversy doctrine informs the legal doctrines of both standing and mootness.

*See Friends of the Earth v. Laidlaw Envtl. Servs. (TOC),* 528 U.S. 167, 180 (2000). Standing raises the issue of "whether the plaintiff is entitled to have the court decide the merits of the dispute or of particular issues. Standing is a jurisdictional requirement that focuses on the party seeking to get his complaint before a federal court and not on the issues he wishes to have adjudicated." *Cook v. Reno*, 74 F.3d 97, 98-99 (5th Cir. 1996) (internal citations and footnotes omitted). Mootness is "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness)." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980). The mootness doctrine "ensures that the litigant's interest in the outcome continues to exist throughout the life of the lawsuit [. . .] including the pendency of the appeal." *McCorvey v. Hill,* 385 F .3d 846, 848 (5th Cir. 2004).

**B. Discussion**

**1. Plaintiff's Motion to Strike Defendant Brad Livingston's Motion to Dismiss**

Plaintiff has filed a motion to strike Defendant Livington's motion to dismiss, arguing that Livingston filed the motion to dismiss after the Court's deadline for filing dispositive motions. In response, Livingston has filed a motion for leave of Court to file the motion to dismiss outside the deadline for dispositive motions set forth in the Court's Scheduling Order.

Although not styled as such, the Court considers Livingston's motion as filed pursuant to Federal Rule of Civil Procedure 12(b)(1), which allows a party to assert lack of subject matter jurisdiction by motion. *See* Fed. R. Civ. P. 12(b)(1).[2] As a challenge to the Court's subject matter jurisdiction may be made at any level of the proceedings, including by the Court *sua sponte*, the

---

[2] In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2002).

5

Court concludes that Livington's motion to dismiss is not untimely. *See generally Defunis v. Odegaard*, 416 U.S. 312, 316 (1974) (per curiam) (citations omitted) (the court's inability to review a moot case "derives from the requirement of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy."); *Texas Office of Pub. Util. Counsel v. FCC*, 183 F.3d 393, 413 n. 16 (5th Cir.1999) (quoting *North Carolina v. Rice,* 404 U.S. 244, 245 (1971) ("[m]ootness goes to the heart of our jurisdiction under Article III of the Constitution. Therefore, we must consider mootness even if the parties do not raise it, because 'resolution of this question is essential if federal courts are to function within their constitutional spheres of authority.'")); *see also Fox v. Board of Trustees*, 42 F.3d 135, 140 (2d Cir. 1994) ("[T]he condition of mootness is not a defense that could be waived by the Defendants, but rather is a condition that deprives the court of subject matter jurisdiction."). In sum, because a jurisdictional challenge may be made at any time in the proceedings, the Court denies Plaintiff's Motion to Strike Defendant Brad Livingston's Motion to Dismiss [doc. 48], and grants Livingston's Motion for Leave to File Motion to Dismiss for Mootness Out of Time [doc. 49].

### 2. Defendant's Motion to Dismiss Brad Livingston for Mootness

As stated above, Defendant Livingston moves to dismiss Plaintiff's claims for declaratory and injunctive relief as moot since "Doe is no longer incarcerated at Allred [and] since officer Carter no longer works for TDCJ[.]" [doc. 46, Def. Mot. to Dismiss at 2].[3] In opposition, Plaintiff

---

[3] The Court notes with disfavor that counsel for Defendant Livingston has provided the Court with no legal authority to support Defendant Livingston's argument that Plaintiff's request for declaratory and injunctive relief is moot. *See* doc. 46, Mot. to Dismiss Brad Livingston for Mootness. Indeed, counsel for Defendant Livingston, in contravention of the Local Civil Rules, failed to even file a brief in support of the two-page motion to dismiss. *See* Local Civil Rule 7.1(d) ("An opposed motion must be accompanied by a brief that sets forth the moving party's contentions of fact and/or law, and argument and authorities[.]") The Reply brief filed by counsel for Defendant Livingston fares no better, and similarly lacks any legal authority supporting the argument that Plaintiff's request for declaratory and injunctive relief is moot. *See* doc. 63, Def. Reply to Pl. Resp. to Mot. to Dismiss. Further, to the extent Defendant Livingston's motion to dismiss for mootness and reply brief contain arguments that are more properly made in a motion to dismiss for failure

contends that his transfer from the Allred Unit to the McConnell Unit does not moot his request for declaratory and injunctive relief against Livingston since there is a possibility that he could be transferred back to the Allred Unit, that Defendant James may some day be transferred to his prison unit, or that Defendant Carter may again seek employment with the TDCJ. [doc. 62, Pl. Resp. to Mot. to Dismiss at 6]. Plaintiff also contends his request for declaratory and injunctive relief against Livingston is not moot since his "current TDCJ prison still carries significant risk of sexual assault to him. It has the third highest rate of sexual assault in Texas." [*Id.* at 5]. Plaintiff has also submitted a declaration, stating that since his transfer from the Allred Unit, he has been "physically assaulted, retaliated against, and sexually abused again. TDCJ has done little to nothing to protect me or my safety." [doc. 62, Ex. A to Pl. Resp. to Mot. to Dismiss, Decl. of John Doe]. Finally, Plaintiff asserts that in the interest of justice, the Court should conclude that his claims are not moot as they are "capable of repetition yet evading review." [doc. 62, Pl. Resp. to Mot. to Dismiss at 7].

Because "past exposure to illegal conduct does not in and of itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects[]", *Shea*, 418 U.S. at 495-96, the Fifth Circuit has repeatedly held that transfer to another prison renders moot claims for declaratory and injunctive relief relating to penitentiary-specific conditions-of-confinement. *See, e.g., Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (claims for injunctive and declaratory relief based on exposure to asbestos were mooted by transfer to another prison); *Cooper v. Sheriff, Lubbock County*, 929 F.2d 1078, 1084 (5th Cir. 1991) (claims for injunctive relief based on denial of food at prior jail were moot); *Beck v. Lynaugh*, 842 F.2d

---

to state a claim pursuant to Fed. R. Civ. P.12(b)(6), the Court does not consider these arguments, as Defendant Livingston's motion to dismiss for mootness was filed on July 21, 2011 [doc. 46], well after the June 15, 2011 deadline for filing dispositive motions as set forth in the Court's Scheduling Order [doc. 24].

759,762 (5th Cir. 1988) (transfer from "retrieve unit" of prison rendered moot claims for injunctive relief); *see also Pitre v. David Wade Corr. Ctr.*, 2008 WL 466160, at *3 (W.D. La. Feb. 14, 2008) (noting that plaintiff inmate's Title II claims for declaratory and injunctive relief rendered moot by his transfer to another prison facility). Other circuit courts are generally in agreement. *See Jordan v. Sosa*, __ F.3d __, 2011 WL 2854139, at *10 (10th Cir. July 20, 2011) (compiling cases); *see generally Sossaman v. Texas*, __ U.S. __, 131 S.Ct. 1651, 1669 (2011) ("A number of . . . suits seeking injunctive relief have been dismissed as moot because the plaintiff was transferred from the institution where the alleged violation took place prior to adjudication on the merits.").

It is undisputed that John Doe is no longer housed at the Allred Unit where the alleged sexual assault took place, but is currently housed in the McConnell Unit. [Compl. ¶ 5; *see also* doc. 46, Ex. A, Affidavit of Kelly Enloe with attached housing records]. Further, attached to Livingston's motion to dismiss for mootness is uncontroverted evidence that Officer Carter's employment with the TDCJ was terminated on May 31, 2010. [doc. 46, Ex. A, Affidavit of Human Resources Director Lawrence Meyers]. As Plaintiff is no longer housed at the Allred Unit, and Carter's employment with TDCJ has been terminated, the Court concludes that Plaintiff's claims for declaratory and injunctive relief against Livingston in his official capacity are moot. *See Herman*, 238 F.3d at 665; *Cooper*, 929 F.2d at 1084.

The Court rejects Plaintiff's argument that he is entitled to declaratory and injunctive relief because TDCJ "does not allege that Carter will never again seek employment or that TDCJ will never rehire him. Likewise, TDCJ continues to employ Defendant James and fails to guarantee either that Mr. Doe will not be transferred back to Allred or that she will never work in his prison unit in the future." [doc. 62, Pl. Resp. to Def. Mot. to Dismiss at 6]. As a general rule, "a court will

not entertain a claim for injunctive relief where the allegations "take[] [it] into the area of speculation and conjecture." *O'Shea*, 414 U.S. at 497. Where an inmate has been transferred to a different unit after filing suit regarding conditions of confinement in the original unit, the Fifth Circuit has held that "any suggestion of relief based on the possibility of transfer back to [the original unit] is too speculative to warrant [declaratory and injunctive] relief." *Herman*, 238 F.3d at 665 (citing *Bailey v. Southerland,* 821 F.2d 277, 279 (5th Cir.1987)). Plaintiff's attempt to avoid mootness based on the mere possibility that he will be transferred back to the Allred Unit, or that Defendant James may some day be transferred to his prison unit is, as the Court stated in *Herman*, "too speculative to warrant [declaratory and injunctive] relief." *Id.* Moreover, Defendant Carter, unlike Defendant James, is no longer in TDCJ's employ, and at the time Livingston filed his motion to dismiss Defendant Carter was awaiting trial on the criminal assault charges relating to the sexual assault on Plaintiff. [doc. 46, Pl. Mot. to Dismiss at 2]. Furthermore, the parties have since stipulated that "Defendant Richard Carter pled guilty to the crime of Improper Sexual Activity with a person in Custody against John Doe, and is currently incarcerated as a result." [doc. 90, Proposed Pretrial Order, Statement of Stipulated Facts at 3]. Under these circumstances, Plaintiff's attempt to avoid mootness based on the possibility that Carter will again seek employment with the TDCJ is even more speculative than Plaintiff's argument that he might be transferred back to his original unit. In sum, under well-established Fifth Circuit precedent, the Court rejects as "too speculative" and based on conjecture Plaintiff's arguments that his claims are not moot because he might be transferred back to the Allred Unit, Defendant James may in the future be transferred to a unit where he is incarcerated, or Defendant Carter may at some future time seek employment with the TDCJ. *See O'Shea, supra*; *Herman, supra*.

Further, to the extent Plaintiff is arguing that this case is an exception to the general rules of mootness because it is "capable of repetition yet evading review" [doc. 62, Pl. Resp. to Mot. to Dismiss at 7], the Court rejects this argument. While it is true that a controversy can survive the justiciability analysis "if it is likely to recur, yet may evade review[,]" (*see Moore v. Ogilvie*, 394 U.S. 814, 816 (1969)), this exception, in the absence of a class action, requires satisfaction of two elements: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (per curiam). Under this doctrine, Plaintiff must show either a "demonstrated probability" or a "reasonable expectation" that he would be transferred back to the Allred Unit, or that Defendant James would be transferred to his current unit, or that Defendant Carter would again be employed as a prison guard by the TDCJ at Plaintiff's unit. *See Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) (quoting *Murphy v. Hunt*, 455 U.S. 478, 482 (1982)). "At its most lenient, the standard is not 'mathematically precise' and requires only a 'reasonable likelihood' of repetition." *Id.* (quoting *Honig v. Doe*, 484 U.S. 305, 318-19 (1988)).

As already stated above, Officer Carter's employment with the TDCJ was terminated on May 31, 2010 [*see* doc. 46, Ex. A, Affidavit of Human Resources Director Lawrence Meyers], and he has since "pled guilty to the crime of Improper Sexual Activity with a person in Custody against John Doe, and is currently incarcerated as a result." [doc. 90, Proposed Pretrial Order, Statement of Stipulated Facts at 3]. Further, it is uncontroverted that Plaintiff was transferred from the Allred Unit following the incidences of which he complains and is currently incarcerated in the McConnell Unit. Though still in TDCJ's employ, it is also uncontroverted that Officer James is not employed

at the McConnell Unit. On the record presented, and having carefully considered the pleadings and the parties' briefing, the Court cannot detect any "demonstrated probability," "reasonable expectation," or even "reasonable likelihood" of repetition. *See Oliver*, 276 F.3d at 741. Accordingly, the Court concludes that Plaintiff's claims are not "capable of repetition yet evading review."

The Court also rejects Plaintiff's argument that his claims are not moot since he is challenging the TDCJ's alleged "ongoing and serious failure to prevent sexual assault in a number of its prisons, including the McConnell and Allred Units." *See* doc. 62, Pl. Resp. to Def. Mot. to Dismiss at 2; *see also* doc. 62-1, Ex. A to Pl. Resp. to Mot. to Dismiss, Decl. of John Doe (stating he has been "physically assaulted, retaliated against, and sexually abused again. TDCJ has done little to nothing to protect me or my safety.") While Plaintiff is certainly free to seek redress in the courts for alleged sexual assault at the McConnell unit, that is not the case that Plaintiff has pled before this Court. As already stated, the Complaint in this case alleges that "Livingston has deliberately and indifferently *failed to supervise, discipline and train Carter and James* proximately causing them to violate Mr. Doe's Eighth and Fourteenth Amendment rights to be protected from harm." [Compl. ¶ 47, emphasis added].[4] While the Complaint does contain allegations pertaining to the rate of sexual assault in the Texas prison system generally and at the Allred Unit in particular [*see* Compl. ¶ 35], such allegations are untethered to any cause of action alleged against Livingston in the Complaint.[5] Hence, such allegations, as well as the statements in Plaintiff's Declaration

---

[4]*See generally Estate of Davis v. North Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005) (setting forth the elements of a failure to train and/or supervisory liability claim under 42 U.S.C. § 1983).

[5]The Court's decision today is based on a lack of subject matter jurisdiction, and is in no way intended as a comment on the potential merit of a constitutional claim pertaining to the alleged conditions of Plaintiff's confinement at the McConnell Unit, or the alleged high rate of sexual assault in the Texas prison system generally. However, the

pertaining to ongoing abuse at a different facility [*see* doc. 62-1, Ex. A to Pl. Resp. to Mot. to Dismiss, Decl. of John Doe], are not germane to the Court's mootness analysis.

### III.  Conclusion

Based on the foregoing, the Court: **grants** Defendants' Motion to Dismiss Brad Livingston for Mootness [doc. 46]; **denies** Plaintiff's Motion to Strike Defendant Brad Livingston's Motion to Dismiss [doc. 48]; and **grants** Defendant Brad Livingston's Motion for Leave to File Motion to Dismiss for Mootness Out of Time [doc. 49].  Plaintiff's claims for declaratory and injunctive relief against Defendant Brad Livingston are hereby **dismissed without prejudice** for mootness.

**SO ORDERED** this **19th  day** of **October, 2011.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

Complaint itself alleges, at most, facts sufficient to support a claim for alleged constitutional violations at the Allred Unit as to Defendants Carter and James. As to Defendant Livingston sued in his official capacity, the Complaint fails to identify any state-wide policy or explain how any such policy led to any alleged constitutional violations, or affected Plaintiff's current conditions of imprisonment.  In addition, Plaintiff does not purport to represent inmates still incarcerated at the Allred Unit or any other unit.  Plaintiff's proposed Joint Pre Trial Order does not cure any of these deficiencies.  *See McGehee v. Certainteed Corp.*, 101 F.3d 1078, 1080 (5th Cir. 1996).  Absent such allegations, any decision by the Court pertaining to state-wide injunctive relief would constitute an advisory opinion.  *See Princeton University v. Schmid*, 455 U.S. 100, 102 (1982)(Federal courts do not "sit to decide hypothetical issues or to give advisory opinions about issues as to which there are no adverse parties before them.").